### LEE, Habeas Corpus, In Re.

Ohio Appeals, Second District, Franklin County.

No. 4142.   Decided November 10, 1948.

J. Dean Strausbaugh, Columbus, for the petitioner.

Hugh S. Jenkins, Atty. Genl., Milan E. Frase, Asst. Atty. Genl., Columbus, for respondent.

### OPINION

By HORNBECK, J.

This is an action in habeas corpus predicated upon the claim that respondent, Warden of the Ohio State Penitentiary, illegally restrains the petitioner.

At the time that the cause was presented orally the Court indicated to the petitioner and his counsel that no showing

was made which would support the issuance of the extraordinary writ of habeas corpus.

The reasons assigned by the petitioner upon which his relief is sought are, that in the trial of his case his identification was insufficient because of inability of the prosecuting witness to distinguish him at the scene of the robbery which occurred in an unlighted place and on a night which, it was claimed was very dark; that the Court did not charge included offenses but submitted to the jury verdicts of conviction of robbery or acquittal only and that counsel appointed by the Court to represent the petitioner was incompetent. The incompetency set up is that counsel failed to offer testimony which was available and which would have been of benefit to the petitioner and finally, that the petitioner was prevented from filing his appeal within time by the respondent, Warden. Manifestly, most of the subject matter upon which petitioner relies, if prejudicial to the petitioner, was available to him by appeal. The incompetency of his counsel is not established by the isolated incidents appearing in the proffer of testimony. The final claim that petitioner was prevented from filing his appeal by the Warden, if true, which we do not find because the testimony is in the form of a mere conclusion, would not support petitioner's action in habeas corpus.

The authority of this Court in this action is found in §12161 GC and the limitation on the allowance of the writ is set forth in §12165 GC:

"If it appears that the person alleged to be restrained of his liberty is in custody of an officer under process issued by a court or magistrate, or by virtue of the judgment or order of a court of record, and that the court or magistrate had jurisdiction to issue the process, render the judgment, or make the order, the writ shall not be allowed; * * *."

Applying this test, it is clear that the order in the case upon which the petitioner is committed was made by a court of record which had jurisdiction to make such order and that petitioner was accorded due process of law. **Ex Parte Bushnell, 9 Oh St 77; Ex Parte Van Hagen, 25 Oh St 426; In Re: Application of Popinoch for Writ of Habeas Corpus, 104 Oh St 612; Yutze v. Copelan, 109 Oh St 171; Ex Parte Elicker, 117 Oh St 500.**

If, for any of the reasons set forth in this action, there has been a miscarriage of justice, any relief accorded to the petitioner must come from the Board of Parole or the Governor. The writ will not be allowed.

WISEMAN, PJ, and MILLER, J, concur.